# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1249V
UNPUBLISHED

| | |
|---|---|
| CORRENE JOHNSON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: April 17, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On September 13, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") causally related to the influenza vaccination she received on December 1, 2016. Petition at ¶¶ 1, 7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 27, 2018, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On April 16, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $177,704.42, representing compensation in the amount of $175,000.00 for her pain and suffering and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in the amount of $2,704.42[3] for her actual unreimburseable expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $177,704.42, representing compensation in the amount of $175,000.00 for her pain and suffering and in the amount of $2,704.42 for her actual unreimburseable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                              **s/Brian H. Corcoran**
                                                               Brian H. Corcoran
                                                               Chief Special Master

---

[3] In the Proffer, Respondent made a simple mathematical mistake when setting forth the subtotals, indicating the compensation for Petitioner's unreimburseable expenses was $2,704.02 instead of $2,704.42. Respondent's counsel confirmed by email correspondence that the total indicated in the Proffer was correct and that minor mistake was the only incorrect amount in the Proffer. *See* Informal Remark, dated Apr. 16, 2020. Copied on all email correspondence, Petitioner's counsel indicated that Petitioner did not believe a corrected Proffer was needed. I agree.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CORRENE JOHNSON,<br><br>                    Petitioner,<br><br>       v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | No. 17-1249V<br>Chief Special Master Corcoran (SPU)<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 27, 2018, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. Thereafter, on the same date, then-Chief Special Master Dorsey issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") and related sequela.[1]

**I.     Amount of Compensation**

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded **$177,704.42.** The award is comprised of the following: $175,000.00 for pain and suffering, and $2,704.02 for past unreimbursed expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] Petitioner subsequently underwent left shoulder surgery and was thereafter diagnosed with complex regional pain syndrome ("CRPS").

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as described below, and request that the Chief Special Master's damages decision and the Court's judgment award the following: [2]

A. <u>Petitioner's Damages</u>

Respondent recommends that the compensation provided to petitioner should be made through:

> a lump sum of **$177,704.42,** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

B. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

                    s/ KYLE E. POZZA
                    Kyle E. Pozza
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146, Ben Franklin Station
                    Washington, D.C. 20044-0146
                    Tel: (202) 616-3661
                    Fax: (202) 616-4310
                    Email: kyle.pozza@usdoj.gov

Dated: April 16, 2020